# Industrial Loan Corp. v. Wyoming National Bank

*Louis Shaffer*, for plaintiff.

*Max Rosenn*, for defendant.

APONICK, J., June 4, 1951.—This is on defendant's preliminary objections to plaintiff's complaint in assumpsit.

Plaintiff is a corporation chartered under the Small Loans Act. It had a checking account in defendant bank. On September 9, 1949, plaintiff's secretary-treasurer was J. F. Labagh, who was authorized to draw checks on the foregoing account. On that day, Labagh drew a check in the sum of $1,000 to the order of Craftsmen's Club. He endorsed the check as follows: "Craftsmen's Club by J. F. Labagh, Secy." He presented it to one of the defendant's tellers who gave him $1,000 in cash.

According to the complaint Labagh was not authorized by the Craftsmen's Club to endorse its checks; and in cashing the check, Labagh "unlawfully, surreptitiously, and fraudulently withdrew said sum of $1,000

from the funds on deposit by plaintiff with defendant bank and appropriated said money to his own use."

The complaint charges that defendant bank was negligent in cashing the check because it knew or should have known that plaintiff was engaged in the small loans business and should have been on notice of some irregularity when the same person who drew the check cashed it. There is an allegation that on September 9, 1949, plaintiff was not indebted to the Craftsmen's Club nor in any way obligated to pay the Craftsmen's Club the $1,000.

Defendant's preliminary objections are twofold:

1. In the nature of a motion to strike off because the action is brought in assumpsit whereas the tenor of the complaint, since it charges defendant with negligence, seems in trespass; and

2. Defendant contends that the complaint is insufficient in law and hence demurs.

The motion to strike off must be denied. The complaint alleges a contractual duty between the parties and charges that defendant breached its duty to plaintiff. Plaintiff could sue either in trespass for the tort or in assumpsit for breach of a contractual duty: Abent v. F. & M. Coal Co., 37 Luz. 200, and the cases cited therein.

However, we are of the opinion that the demurrer is well taken. Plaintiff's theory is explained in the following quotation from McNeely Company v. Bank of North America, 221 Pa. 588, 593, a case upon which plaintiff heavily relies:

"The relation between a bank and its depositor is a contractual one. Its undertaking with its depositor is to pay his checks, if he has sufficient funds with it for that purpose, and it assumes all the risk as against him of a mispayment in paying and charging to his account a check which he has not signed or one which

he has signed bearing a forged indorsement of the payee. To his account it may not charge such a check. If it does, the depositor can recover from it the amount so charged. No payment by a bank on a forged signature of a depositor as drawer of a check, or on a forged indorsement of his payee can affect him."

Defendant, on the other hand, contends that it was required to honor a check drawn upon it by a depositor, properly signed. It maintains that there was nothing in the transaction to show that Labagh was misappropriating the funds. It fails, however, to answer plaintiff's contention that Labagh, not being authorized to endorse checks for the Craftsmen's Club, thereby forged the endorsement and, hence, under the doctrine set forth in McNeely Company v. Bank of North America, supra, plaintiff could not be charged with the amount.

Both plaintiff and defendant completely overlook the Uniform Negotiable Instruments Act of May 16, 1901, P. L. 194, sec. 9(3), 56 PS §14, which provides that an instrument is payable to bearer:

"(3) When it is payable to the order of a fictitious or nonexisting person, and such fact was known to the person making it so payable."

Under the doctrine of Snyder v. Corn Exchange National Bank, reported in 221 Pa. 599, immediately following McNeely Company v. Bank of North America, supra, the check in our case was payable to a fictitious person, such fact having been known to Labagh at the time he drew the check and, hence, was payable to bearer. A fictitious person was meant by the legislature "to be one who, though named as payee in a check, has no right to it, or the proceeds of it, because the drawer of it so intended, and it, therefore, matters not whether the name of the payee used by him be that of one living or dead, or of one who never existed."

The same case holds that the agent's intention in drawing the check is chargeable to his principal, and that if the agent intended to make the check payable to a nonexistent person, the check was then payable to bearer; if the agent had gone to the bank and drawn the money himself, the principal could not repudiate the bank's payment to the agent. In speaking of the bank's obligation under the circumstances, the court said, at page 606 (Snyder v. Corn Exchange National Bank, supra):

"Its sole duty was to pay without question whenever a check so drawn was presented by the party to whom Greenfield intended it to be paid, and his intention every time he drew a check became, as to the bank upon which it was drawn, the intention of the man who had empowered him to draw it."

Snyder v. Corn Exchange National Bank, supra, is the leading case not only in Pennsylvania, where it is still the law, but in the United States.

If, therefore, defendant's duty was to pay to the bearer, and it did in fact pay to the bearer, it is difficult to see how it can be charged with failure to perform its duty. There is no allegation that defendant had actual notice of Labagh's faithlessness to his employer, nor can we say that the circumstances surrounding the cashing of the check were sufficient to charge defendant with bad faith. The bank might have been more careful perhaps, but carelessness is not sufficient to saddle it with the burden of making good Labagh's misdeeds.

Nor can we conceive of any amendment to the complaint which would make it sufficient in law.

Accordingly, defendant's preliminary objection in the nature of a motion to strike off is denied, but the demurrer to the complaint is sustained.